STATE v. GEORGE MITCHELL.

(Filed 24 November, 1909.)

1. Warrant of Arrest Not Signed—Appearance Bond—Sufficiency.

It is immaterial to the validity of an appearance bond given by defendant before the court and in *custodia legis* that the warrant for his arrest, in due form, was, inadvertenly, not signed by the recorder.·

2. Appearance Bond—Deposit of Cash—Sufficiency.

The voluntary deposit of cash by the prisoner in lieu of an appearance bond is a compliance with the true spirit and meaning of the requirement therefor, and may not be returned to him upon the ground that the judge erred in accepting it, certainly not when the defendant is a fugitive from justice and makes the application by attorney.

APPEAL by defendant from *Webb., J.,* August Term, 1909, of FORSYTH.

The facts are stated in the opinion of the Court.

*Attorney-General* and *George L. Jones* for the State.
*J. S. Grogan* for defendant.

BROWN, J. The defendant was arrested and brought before the recorder's court of Winston, charged with unlawfully selling intoxicating liquors. Being before the court, he was required to

give bond for his appearance for trial, on 16 March, in the sum of $250. The defendant voluntarily deposited $250 in cash with the recorder's court for his appearance. The defendant failed to appear, and the following proceedings were had:

"Defendant called and failed. Judgment *nisi, sci. fa.* and *capias. Capias* issued. *Capias* returned 17th March, not to be found in Forsyth County, by J. A. Thomas, chief of police. Judgment absolute for the penalty of the bond, $250. This 17 March, 1909."

"On 18th March, J. S. Grogan appeared in court and moved to have the above forfeiture stricken out; motion overruled. Notice of appeal given by Mr. Grogan to the May Term, 1909, Superior Court of Forsyth County. The Superior Court affirmed the judgment of the recorder."

1. It is immaterial that defendant was arrested under a warrant in due form, but inadvertently not signed by the recorder. The defendant was brought before the court and was *in custodia legis,* when he was required to give bail for his appearance at a future session of the court.

2. The fact that the defendant, of his own volition, chose to deposit the amount of the bond required in cash is not a violation of the statute, but a compliance with its true spirit and meaning.

The law contemplates that a defendant may give security for his appearance, and it would be singular indeed if he was denied the right to deposit the requisite cash as security for his appearance. The court could not compel the defendant to deposit cash or to give security of any kind. He had the privilege to go to prison if he preferred. Having tendered the cash, and it having been accepted by the court as security for his appearance, it would be extraordinary if the defendant, still a fugitive from justice, could have it returned to him, upon the theory that the court erred in accepting it.

The judgment of the Superior Court is

Affirmed.