### E. R. WHITE v. LOUIS ORDILLE.

(Filed 24 November, 1948.)

**1. Attachment § 4: Garnishment § 2—**

Where it does not appear that a nonresident has been brought into this State by, or after waiver of, extradition, personal property brought into the State by such nonresident is subject to attachment or garnishment. G.S. 15-79, G.S. 1-458, G.S. 1-461.

**2. Arrest and Bail § 6—**

Any justice of the peace has the power to take bail for persons brought before him charged with a misdemeanor or a felony less than capital, and a person charged may give a recognizance bond or deposit the amount required in cash or may elect to refuse to give security and go to jail. G.S. 15-102, G.S. 15-105.

**3. Arrest and Bail § 8—**

A recognizance, either bond or cash in lieu thereof, is an acknowledgment of a debt to the State conditioned upon defendant's appearance at the time and place specified and his compliance with the judgment of the court, and therefore cash deposited by him as security for his appearance remains his property subject to the conditions of his recognizance, and his right to the return of the cash upon performance of the conditions of the recognizance is a property right which exists in him.

**4. Garnishment § 2—**

Where a nonresident has filed a cash recognizance, his right to the return of the money upon compliance with the conditions of the recognizance is an intangible property right which is subject to garnishment although the money may not be taken out of the hands of the magistrate prior to the satisfaction of the conditions of the recognizance, and upon appearance of defendant at the preliminary hearing in compliance with the recognizance the entire amount is subject to the lien of the garnishment, and the magistrate properly requires an additional recognizance upon binding the defendant over to the Superior Court for trial. G.S. 1-461.

APPEAL by plaintiff from *Pless, J.,* at March Term, 1948, of RANDOLPH.

Civil action to recover of defendant the principal sum of $2,400.00, with interest, for cash allegedly obtained by him from plaintiff on 15 March, 1947, for which he gave to plaintiff his check drawn on The Lincoln National Bank of Washington, D. C., and payable to the order of cash,—payment of which defendant stopped at the bank,—heard upon motion of defendant, on special appearance, to set aside ·the attachment and garnishment issued herein, to discharge the property seized and to dismiss the action for that the property in question was *in custodia legis* and immune from attachment and garnishment.

The record on this appeal shows these pertinent matters: On 23 February, 1948, defendant, a resident of the City of Washington, District of Columbia, was arrested in a cafe in Greensboro, North Carolina, on warrant issued at instance of plaintiff charging him with false pretense in connection with the transaction on which this civil action is based, and was taken before E. H. Morris, a justice of the peace for Randolph County, when and where he deposited with the justice of the peace the sum of $3,000 in lieu of bond for his appearance on 1 March, 1948, for a preliminary hearing—and was thereupon released from custody. (The record does not show for what purpose defendant was in the State of North Carolina at the time of his arrest in Greensboro as aforesaid.)

On 1 March, 1948, the hearing was continued to 8 March, 1948, at which time probable cause was found against defendant on said charge of false pretense, and he was bound over to the March 29 Term of Superior Court of Randolph County, under an appearance bond in the sum of

$3,500. Defendant tendered to the justice of peace as such bond $500 in cash and requested that same be accepted along with the $3,000 theretofore deposited by him, but the justice of peace refused to accept the $500, and to use or permit Louis Ordille to use the $3,000 as portion of the new bond on ground that the $3,000 had been attached in this action, and defendant, subsequently and independently of the cash deposit, made a new bond in the sum of $3,500 for his appearance at the above designated term of the Superior Court.

In the meantime, on 27 February, 1948, plaintiff instituted this civil action in the Superior Court of Randolph County and had warrant of attachment against property of defendant and directed to the sheriff of Randolph County, and notice of garnishment issued and served on 27 February, 1948, with copy of warrant of attachment, on E. H. Morris, the justice of the peace before whom the criminal warrant was pending. The notice of garnishment required E. H. Morris to appear at the office of clerk of Superior Court in the courthouse in Asheboro, N. C., at 10 o'clock a.m., on 10 March, 1948, to answer on oath (1) what he owes defendant, Louis Ordille, and what effects of said Louis Ordille he has in his possession and had at time of serving said attachment, and (2) whether there are in the hands of any other person any debts or effects belonging to defendant, and what person, etc.

Upon the hearing on the notice to E. H. Morris, on 10 March, 1948, before the Clerk of Superior Court, the facts in respect to the cash deposit and preliminary hearing and the making of a new bond for appearance in Superior Court being made to appear substantially as above recited, and that at time the warrant of attachment and notice were served on him "E. H. Morris had in his possession belonging to Louis Ordille the sum of Three Thousand ($3000.00) in cash," put up in lieu of bond for his appearance as aforesaid, and that "he has said money under those circumstances," the Clerk of Superior Court entered order that the $3,000 held by E. H. Morris be turned over to sheriff of Randolph County "to be held by him under the warrant of attachment, as a fund out of which to pay any judgment that may be obtained in this action against defendant, Louis Ordille."

Thereafter, on 13 March, 1948, defendant entered a special appearance in the action for the sole purpose of making motion, and moved the court to strike out the return of the sheriff, to set aside the warrant of attachment, discharge the property seized thereunder, and to dismiss this action, for that the court has not, in this action, properly acquired jurisdiction over the person of this defendant. "And as grounds for this motion, this defendant respectfully shows unto the court: That there is attached hereto an affidavit by the defendant, Louis Ordille, setting forth the facts (substantially as hereinabove recited in this opinion) upon which this

special appearance and motion is based; that, upon the facts shown in the annexed affidavit by the defendant, the plaintiff herein has attempted, through said warrant of attachment, to serve a summons under civil process upon defendant at a time when the defendant, a nonresident, was in the State of North Carolina for the sole purpose of attending to litigation, and that the defendant is exempt from such service either personal or by seizure of property deposited by him *in custodia legis* for use in such litigation."

When the motion of defendant on such special appearance came on for hearing before the judge presiding at March Civil Term the judge entered a judgment, in which after reciting "it appearing to the court, upon affidavits filed by the plaintiff and the defendant, that the property of the defendant, to wit, $3,000, heretofore deposited with E. H. Morris, Justice of the Peace, and seized by the sheriff of Randolph County under said attachment is exempt from such attachment": it is "ordered, adjudged and decreed that the return of the sheriff in this cause be stricken, that said attachment be and the same is hereby set aside and that the property seized thereunder, to wit, the sum of $3,000 cash, be returned to the defendant or his counsel, and that said action be, and the same is hereby dismissed and the plaintiff is taxed with the costs."

Plaintiff appeals from this judgment to Supreme Court, and assigns error.

*J. A. Spence for plaintiff, appellant.*
*King & King for defendant, appellee.*

WINBORNE, J.   Upon plaintiff's challenge to the judgment from which this appeal is taken, there arises this determinative question: Does a defendant in a criminal prosecution in a justice of the peace court of the State of North Carolina, who is a nonresident of the State, and who voluntarily deposits with the justice of the peace cash in lieu of bond for his appearance before the justice of the peace for a preliminary hearing, have such property right and interest in the deposit as is liable to attachment and garnishment at the instance of his creditor pending such preliminary hearing?

We are of opinion, and hold, that he does have such property right in the deposit.

The statutes and decisions of this Court are to the effect that a defendant in a criminal proceeding pending in the State, who is a nonresident of the State, is immune from personal service of process in a civil action arising out of the same facts as the criminal proceeding only when he is brought into the State by, or after waiver of extradition proceeding. See G.S. 15-79, G.S. 15-82, G.S. 8-65, and the recent case *Hare v. Hare,* 228

N. C. 740, 46 S. E. (2) 840, where the subject is discussed in opinion by *Denny, J.*

By the same token, if such defendant be immune from personal service of such process only under those circumstances, his property within the State would be immune from attachment and garnishment only when so brought into the State by defendant. In the present case it does not appear that defendant, when arrested in Greensboro, N. C., had been brought into the State by, or after waiver of extradition proceeding. Hence the cash of defendant, which he voluntarily put up with the justice of the peace in lieu of bail or recognizance for his appearing to answer the charge on preliminary hearing, would not be immune from the process of attachment and garnishment, unless perchance, it be wholly *in custodia legis,* that is, in the custody of the law.

So it becomes necessary to ascertain the relative positions of the justice of the peace, the State and the defendant in respect to the cash so put up or deposited by defendant in lieu of bond.

In this State any justice of the peace before whom persons charged with a misdemeanor or a felony, not capital, but who have not been committed to prison by an authorized magistrate, may be brought, has power to take bail. G.S. 15-102. And if the offense charged in the warrant be not punishable with death, the justice of the peace may take from the person arrested a recognizance with sufficient sureties for his appearance at the next term of the court having jurisdiction, to be held in the county where the offense is alleged to have been committed. G.S. 15-105.

And the law contemplates that a defendant in a criminal prosecution may give security for his appearance to answer to the charge and the Court has held that the fact that defendant of his own volition, chooses to deposit the amount of the bond required in cash is not a violation of the statute, but a compliance with its spirit and meaning. *S. v. Mitchell,* 151 N. C. 716, 66 S. E. 202. In the *Mitchell case,* in opinion by *Brown, J.,* it is stated: "The court could not compel the defendant to deposit cash or give security of any kind. He had the privilege to go to prison if he preferred."

A recognizance is a debt of record acknowledged before a court of competent jurisdiction, with condition to do some particular thing. It binds the defendant to appear and answer to a specified charge, to stand and abide the judgment of the court and not to depart without leave of the court. *S. v. White,* 164 N. C. 408, 79 S. E. 297.

Thus in this State a recognizance in a criminal proceeding is an acknowledgment by the defendant that he is indebted to the State of North Carolina in an amount fixed by the court, conditioned upon his personal appearance at a time and place specified by the court to answer the charge against him, to stand and abide the judgment of the court and not to

depart without leave of the court. And where cash is deposited by a defendant as security for his appearance, it remains his property subject to the conditions of a recognizance,—the justice of the peace becoming the custodian of the cash for the benefit of the State only in so far as the debt of defendant to the State is concerned. If defendant fails to perform the conditions, the deposit will be subject to forfeiture. But if he perform the conditions, the cash deposit would be returnable to him. This is a right which he may enforce against the custodian of the deposit. It is a property right which existed in him.

The right of defendant in and to the cash deposit is similar to that of trustor in a deed of trust by which property is assigned or conveyed to a trustee as security for a debt to a third person. The trustor has an equity in the property assigned or conveyed. And when the debt is satisfied, whether by sale of the property assigned or conveyed, or otherwise, the residue or the whole, as the case may be, remaining in the hands of the trustee is to the use of the trustor, and he has the right to recover it. That is, as soon as the purposes of the deed in trust are satisfied, there is but one equity remaining, and that is in the trustor, whose right to the residue can be enforced at law. This is a property right, liable to garnishment. See *Peace v. Jones,* 7 N. C. 256.

And, applying the provisions of the statute G.S. 1-458, this Court holds that all property in this State, whether real or personal, tangible or intangible, owned by a nonresident, defendant in an action to recover on any of the causes of action included within the provisions of G.S. 1-440, under which the present action comes, is liable to attachment. *Newberry v. Fertilizer Co.,* 203 N. C. 330, 166 S. E. 79. Moreover, the statutes G.S. 1-459 and G.S. 1-461, *et seq.,* provide for levy upon intangible property and prescribe the procedure against the garnishee in such cases.

Furthermore, the text writers say that it is settled law that, in general, property or funds *in custodia legis* are not subject to attachment or to garnishment, but that the authorities are not harmonious in their determinations as to when the rule applies; that it has been stated generally that property or money is deemed to be in the custody of the law when it is held to be disposed of in some particular manner prescribed by law, or according to orders of the court; and that garnishment has sometimes been recognized as a proper remedy for the purpose of acquiring a lien upon property in the custody of the law, though an actual seizure of the property after it has once come into the custody of the law is recognized as improper. 4 Am. Jur. 795. However, a creditor has been permitted to reach by garnishment money deposited with the clerk of a court, in pursuance of law, in place of an undertaking on appeal. 4 Am. Jur. 803. *Dunlop v. Patterson Fire Ins. Co.,* 74 N. Y. 145. 30 Am. Rep. 283.

The *Dunlop case* is very similar to the one in hand. There attachments were levied upon $2,000 placed in the hands of the clerk of the city court of Brooklyn in lieu of an undertaking on appeal from a judgment in an action in favor of one Redfield against defendant. And motions were made to set aside the attachments. The Court of Appeals of the State of New York, in opinion by *Folger, J.,* had this to say : "Doubtless the property which was, in fact, made the subject of the attachment, was in the custody of an officer of a court of record, and the appellant would at the time have had no right to remove it therefrom, or to meddle with it. But doubtless also, the appellant had a right and interest in that property, which was capable of being transferred by it, by its own act of assignment. Had it made an assignment of it, that act would not have removed it from the custody of the officer holding it, nor would it have put upon him any greater liability than he assumed by the primary reception of it. He was liable to hold it, to answer the event of the litigation of Redfield with the appellant, and to return to the latter all that was not required to answer the proper demand of the former. And after the litigation should have been over with Redfield, would not the clerk have been liable to the defendant for the whole or a *residuum* of the moneys, which liability could be enforced? And it was this last liability which would be the subject of the assignment . . . It may be granted that no process should have been issued which commanded the taking actual possession of the property . . . But there was power to grant an attachment against the property of the appellant. The money in the hands of the clerk of the city court, or a residuary interest in it, was such property. The fund itself could not be taken away from him. It was the right to have from him, after the litigations with Redfield was ended, the whole or a residue of that money, which was such property. That right was not in the custody of that clerk, so that he could ever retain it, or, of right, pass it on to another. An attachment against the appellant's property, levied upon that, took nothing out of the custody of the clerk, nor meddled with anything in his hands. It seized upon an intangible right, by means of the order of the Supreme Court and notice to the clerk of the issuance thereof. Such process and such action upon it made no conflict of jurisdiction between the two courts. The city court held the money, with a conceded right. The officer of the Supreme Court held the right to receive it, or some of it, from the clerk, when the city court should see fit to declare the purpose fully served for which it took it into custody." This opinion of the New York Court is sound in logic, and the reasoning there is appropriate to the case in hand.

Applying these principles to the case in hand, the right of defendant in the cash voluntarily deposited by him as security in lieu of bond for his appearance to answer the charge preferred against him, is liable to

garnishment; and the purposes for which the cash was deposited having been accomplished by defendant appearing, and later giving a new recognizance for his appearance in Superior Court, the clerk properly ruled that the entire amount of the deposit is subject to the lien of the attachment in this action.

For reasons stated, there is error in the judgment below, and the case is remanded to the end that judgment be entered in accordance with this opinion.

Error and remanded.