**STATE of North Dakota, Plaintiff and Appellee,**

v.

**JEFFERSON PARK BOOKS, INC., an Illinois Corporation doing business in North Dakota, Defendant and Appellant.**

**Cr. No. 774.**

Supreme Court of North Dakota.

Dec. 22, 1981.

Richard Schnell, State's Atty., Mandan, for plaintiff and appellee.

Teevens, Johnson & Montgomery, Minot, for defendant and appellant; argued by Bruce Montgomery, Minot.

SAND, Justice.

The defendant, Jefferson Park Books, Inc. [Jefferson Park], appeals from an order denying its motion for a reduction of sentence. The sentence was imposed after the Morton County Court with Increased Jurisdiction found Jefferson Park guilty on two counts of violating North Dakota Century Code § 57–39.2–18(2).

Sometime in December 1980 Jefferson Park applied for a Sales and Use Tax Per-

mit with the North Dakota State Tax Department for a bookstore which it planned to locate in Bismarck, North Dakota. The Bismarck location was abandoned. Jefferson Park, through an agent, indicated to the Tax Department that it was looking for another location for the bookstore and inquired as to whether or not a different location would make a difference on their application for a sales and use tax permit. The Tax Department informed Jefferson Park that notification of the new address would be required before the bookstore could begin business.

Jefferson Park subsequently located the Rendezvous Book Store in Mandan, North Dakota, and began operation of the bookstore on or before 6 Jan 1981 without notifying the Tax Department of the address change.[1] As such the bookstore was operating without a sales and use tax permit and without a valid application pending.

On 6 Jan 1981 the Tax Department authorized two agents, Gary Anderson [Anderson] and Parrell D. Grossman [Grossman] to go into the bookstore and purchase magazines. Anderson purchased a magazine for $4.64, of which 14 cents was calculated as sales tax. Grossman purchased a magazine for $4.12, of which 12 cents was calculated as sales tax. Grossman and Anderson reported these sales to the Tax Commissioner, Kent Conrad [Conrad], who personally went into the bookstore and informed the sales clerk that he was operating the bookstore in violation of the North Dakota sales and use tax law. Conrad told the sales clerk to close the bookstore or he would proceed to have a criminal complaint signed. The sales clerk refused to close the bookstore and a two-count criminal complaint was brought against Jefferson Park alleging that each sale was a separate violation of NDCC § 57–39.2–18(2).

A jury trial was waived and the Morton County Court with Increased Jurisdiction found Jefferson Park guilty on both counts. Each count was a class A misdemeanor carrying with it a maximum fine of $15,000 for a corporation.[2] (NDCC § 12.1–32–01.-1(4).) For each count the judge imposed a fine of $15,000 with $10,000 suspended on the following conditions:

"1. No violation of ND criminal laws during the next 2 year period.

"2. That the Defendant comply with all City Ordinances, concerning the operation of the business within the City of Mandan and to specifically meet the requirement as established in the zoning ordinance with regard to locations of businesses and fees to be paid and to do so within the next 3 month period."

Jefferson Park then moved, pursuant to Rule 35, North Dakota Rules of Criminal Procedure, for a reduction of sentence. After a hearing on the motion, at which time arguments were made by counsel for Jefferson Park and the State, the court entered an order denying Jefferson Park's motion for a reduction of sentence. Jefferson Park appealed from that order.

Our initial consideration is whether or not an appeal is authorized from the order denying the defendant a reduction of sentence.

■■■ The right of appeal in this State is statutory. *Sheets v. Letnes, Marshall & Fiedler*, 311 N.W.2d 175 (N.D.1981). The right to appeal is a jurisdictional matter which we may consider sua sponte. *City of Bismarck v. Walker*, 308 N.W.2d 359 (N.D. 1981); *Huso v. Bismarck Public School Board*, 219 N.W.2d 100 (N.D.1974).

During oral argument, counsel for Jefferson Park urged that the order issued by the county court affected a substantial legal

---

1. Jefferson Park subsequently obtained a Sales and Tax Use permit on 9 Jan 1981.

2. Because the defendant is a corporation imprisonment as a deterrent was not available as part of the sentence. The penalty for a class A

misdemeanor for a non-corporate violator is up to one year imprisonment, a fine of $1,000, or both. NDCC § 12.1–32–01(5). In this instance the violation was not innocent, but was done in a manner which suggests defiance.

right of Jefferson Park and was appealable pursuant to NDCC § 29–28–06(5).[3]

The State is entitled to notice of a defendant's motion for reduction of sentence and if an ex parte order is issued by the court under Rule 35, NDRCrimP, it affects the substantial right of the State which did not receive notice of the motion and is appealable by the State. *State v. Rueb*, 249 N.W.2d 506 (N.D.1976); NDCC § 29–28–07(4).[4] A substantial right is the right to notice and the opportunity to be heard. It does not contemplate that certain action will be taken, nor does it relate to the action taken, unless the action taken is not authorized or is not exercised pursuant to and under the authority granted by Rule 35. In *Rueb, supra*, the trial court, without giving or requiring notice to be given to the State, entertained and disposed of an application for reduction of sentence and as such it affected a substantial right of the State.

However, in the instant case the defendant was not only given an opportunity to be heard but was actually heard and, therefore, no substantial right of the defendant was affected in this respect. The defendant has a right to apply for and have the court consider the reduction but that right does not assure a reduction. Whether or not a reduction should be given, in certain instances, is not a right but is basically a matter left to the sound discretion of the trial court after being fully advised on the subject matter and after giving the opposing parties an opportunity to be heard. In this respect *Rueb, supra*, was concerned primarily with procedure in the application and hearing of the reduction as affecting a substantial right and not the validity of the sentence per se, which is the situation in the instant matter.

If Rule 35, NDRCrimP, were construed to require that a reduction of a sentence must be given upon application under any and all conditions, it would bring about an absurd result and would raise some interesting constitutional and legal questions. Among them would be: how much of a reduction would be proper; would a reduction of one penny on the fine imposed be adequate; would a one day or one hour reduction from incarceration be adequate?

Jefferson Park, during oral argument and in its written brief, argued that the sentence imposed was illegal because it imposed the maximum fine for a first offense. Its contention and argument centered on the validity of the sentence rather than on anything the court did at the reduction hearing under Rule 35, NDRCrimP. The remedy, if any, however, was either by a direct appeal of the judgment or by a proper application under the Uniform Post-Conviction Procedure Act, NDCC Ch. 29–32, and not from an order denying a reduction under Rule 35.

The Legislature basically determines what is appealable. *Sheets v. Letnes, Marshall & Fiedler, Ltd., supra*. This is recognized in NDCC § 29–32–01(2) of the postconviction act, which provides:

"This remedy is not a substitute for nor does it affect any remedy incident to the proceedings in the trial court, or of direct review of the sentence of conviction. Except as otherwise provided in this chapter it comprehends and takes the place of all other common law, statutory, or other remedies heretofore available for challenging the validity of the conviction or sentence. *It shall be used exclusively in place of them.*" [Emphasis added.]

Furthermore, House Bill No. 1052,[5] which would have permitted an appeal of

---

3. Section 29–28–06, NDCC, sets out from what a *defendant* may appeal and provides in subsection 5 as follows:
   "5. An order made after judgment affecting any substantial right of the party."

4. Section 29–28–07, NDCC, sets out from what the *state* may appeal and provides in subsection 4 as follows:

"4. An order made after judgment affecting any substantial right of the state."

5. House Bill 1052, Forty-sixth Legislative Assembly, which was defeated, would have provided in part as follows:
   "1. A person convicted of a felony or misdemeanor may appeal the length of the sentence imposed to the supreme court. A person may appeal the sentence alone or in

the sentence only, was considered by the 1979 Legislative Assembly and was defeated. This is a further indication that the Legislature did not intend a sentence to be appealable. The Legislature by its action permitted appeals only as allowed and provided for in NDCC Ch. 29–28. As to other forms of relief, the Legislature has authorized the defendant to proceed under NDCC 29–32, the post-conviction act. Under § 29–32–08 of the post-conviction act the defendant must raise all issues in the original or amended application, otherwise they may be deemed waived.

■ The Uniform Post-Conviction Act was intended to replace the writ of habeas corpus. This can be done because the act provides greater safeguards and remedies than the writ of habeas corpus. *Bushaw v. Havener,* 247 N.W.2d 62 (N.D.1976); *McGuire v. Warden of State Farm,* 229 N.W.2d 211 (N.D.1975). Just as the Uniform Post-Conviction Procedure Act was intended to replace the habeas corpus act, similarly it was the intent to replace other types of remedies. *Bushaw* and *McGuire, supra;* NDCC § 29–32–01(2).

The Act applies to:

"Any person who has been convicted of, or sentenced for, a crime and who claims:

a. That the conviction or the sentence was in violation of the constitution, laws, or treaties of the United States or the constitution or laws of this state;

b. That the court was without jurisdiction to impose sentence;

c. That the sentence exceeds the maximum authorized by law;

d. That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

e. That his sentence has expired that his probation, parole, or conditional release has been unlawfully revoked, or

that he is otherwise unlawfully held in custody or other restraint; or

f. That the conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding, or remedy;

may institute, without paying a filing fee, a proceeding under this chapter to secure relief." NDCC § 29–32–01.

Section 29–32–09 provides that the State may appeal from the decision of the court that renders a final judgment, but the Act otherwise does not authorize the State to institute proceedings. This, as well as the procedural grounds, distinguishes the *Rueb* case from the instant case.

■ Even if, for the sake of judicial economy and expediency, we were inclined to treat this matter as an application or an "appeal" under the Uniform Post-Conviction Procedure Act, NDCC Ch. 29–32, we would nevertheless be confronted with another problem because the subject matter had not been first submitted and considered by the trial court. As such it would not be ready or appropriate for our review. *Stegmeier v. Gappert,* 190 N.W.2d 36 (N.D.1971).

Based on the foregoing, we conclude that an appeal from an order denying a reduction in sentence to the defendant is not authorized. Accordingly, the appeal by Jefferson Park is dismissed.

ERICKSTAD, C. J., and VANDE WALLE, PEDERSON and PAULSON, JJ., concur.

combination with the conviction, but may not seek consecutive appeals of the sentence and

conviction."