**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Mark ORSETH, Defendant and Appellant.**

**Cr. No. 1050.**

Supreme Court of North Dakota.

Dec. 19, 1984.

costs and to serve thirty days in the county jail with twenty-nine days suspended on the condition that he receive an evaluation for chemical dependency and follow any recommendations resulting from the evaluation.

An addiction counselor evaluated Orseth and recommended inpatient treatment. Orseth then admitted himself to the State Hospital at Jamestown on February 22, 1984. He was discharged on March 2, 1984 because the treatment team had concluded that he was not serious about confronting his problem and changing his behavior. The State Hospital made no recommendations for aftercare and Orseth apparently has not sought any alternative programs on his own initiative.

Orseth's probation officer then petitioned the court for an order to show cause why Orseth's probation should not be revoked. At the hearing on July 24, 1984, Orseth testified that he was not unwilling to undergo some form of treatment but he did not believe inpatient treatment was an appropriate program for him. When asked if he would be willing to go into another program at the present time, Orseth replied that it would depend on the type of program.

Orseth's position at the hearing and on appeal is that he did comply with the terms of the suspended sentence by admitting himself to the State Hospital. He maintains that there was no implied requirement that he successfully complete the program or demonstrate a sincere attitude. In the alternative, if that requirement is part of compliance, Orseth contends he should have been given a warning and a chance to improve his behavior.

The trial court interpreted treatment to mean something beyond mere physical presence and that for treatment to take place, attitudes and ideas had to change. The court then found that Orseth had not followed the recommendation for inpatient treatment, had not shown cause why the suspended sentence should not be revoked and, accordingly, revoked the suspended sentence.

Keith Reisenauer, Asst. States Atty., Fargo, for plaintiff and appellee.

Kirschner & Baker, Fargo, for defendant and appellant; argued by Barbara Perkins, Fargo.

PEDERSON, Justice.

Mark Orseth (Orseth) appeals the revocation of his suspended sentence by the Cass County Court. Orseth contends that the trial court abused its discretion in revoking the suspended sentence. We do not agree and therefore affirm the revocation.

On October 28, 1983 Orseth was convicted of driving while under the influence of alcohol in violation of § 39–08–01, NDCC. He was sentenced to pay a fine and court

When a probation violation is contested, the prosecution has the burden of establishing the violation by a preponderance of the evidence. Once the violation is established the court is authorized to revoke an order suspending a sentence or an order suspending the imposition of sentence, or to continue probation on the same or different conditions. Rule 32(f)(2)(iii), NDRCrimP. Our standard of review for a probation revocation is abuse of discretion. *State v. Lesmeister*, 293 N.W.2d 875, 877 (N.D.1980).

The suspended sentence in this case was conditioned on receiving an evaluation and following through on any recommendation. The recommendation was that Orseth receive inpatient treatment. Common sense dictates that the reason for requiring treatment is to resolve problems. To adopt Orseth's argument that physical presence per se constitutes compliance elevates form over substance. The evidence in the record clearly supports the trial court's finding that Orseth would not accept inpatient treatment and had not complied with the conditions for suspension. Orseth has failed to show an abuse of discretion. We accordingly affirm the order revoking the suspension.

ERICKSTAD, C.J., and GIERKE and VANDE WALLE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.