**STATE of North Dakota, Plaintiff and Appellee,**

v.

**William Joseph ALTRINGER, Defendant and Appellant.**

**Crim. No. 1145.**

Supreme Court of North Dakota.

June 6, 1986.

Roger R. Weisenburger, Valley City, for defendant and appellant.

Carol Nelson, State's Atty., Valley City, for plaintiff and appellee.

GIERKE, Justice.

The appellant, William Joseph Altringer, appeals from the November 12, 1985, order of the District Court of Barnes County revoking Altringer's probation and the suspension of his sentence. We affirm.

Altringer pleaded guilty to several counts of theft of property under § 12.1–23–02, N.D.C.C. This plea of guilty was entered by Altringer pursuant to negotiations for a plea and sentence agreement made by Altringer and the Barnes County State's Attorney.

After hearing the plea and sentence agreement, the court entered its Order Imposing Execution of Sentence on April 16, 1984. The court ordered that Altringer be imprisoned in the North Dakota State Penitentiary for a term of three years, the

entire term to be suspended on certain conditions.

The conditions were: first, that Altringer was to donate his time and expertise by way of a community service project as a vocational instructor in auto body care. The term of this community service was to be not less than six months. Second, the court ordered Altringer to make restitution in the amount of $7,117.80 ($200 per month), to the victims of the thefts. The amount of restitution was to be reduced by the amount for which the stolen vehicles were resold. Altringer was to have the opportunity to bid on all vehicles which were to be sold, the State was to provide a complete accounting to Altringer of the sales. Third, Altringer was to pay court costs in the amount of $1,200, and he was to remain subject to all rules set by the court and the Parole and Pardon Board. Finally, there was a condition providing that probation could be revoked for any violation of the conditions and the court could then impose the sentence previously imposed but suspended.

On July 3, 1985, a Petition for Revocation of Probation was filed alleging that restitution to the victims had not been made and costs to the court had not been paid as ordered. The court issued an Order to Show Cause on July 11, 1985. This Order to Show Cause required Altringer to appear and show cause why the probation should not be revoked. A hearing was held on August 12, 1985, and was continued to a later date.

On September 19, 1985, the state's attorney filed an Amended Petition for Revocation of Probation, alleging restitution to the victims was not made and that the community service requirement had not been completed. On November 12, 1985, the district court revoked Altringer's probation.

■ Altringer contends that the trial court abused its discretion in revoking the suspended sentence. When a probation violation is contested, the prosecution carries the burden of establishing by a preponderance of the evidence that the violation occurred. *State v. Orseth*, 359 N.W.2d 852

(N.D.1984). Once a violation is established the court is authorized to revoke an order suspending a sentence or an order suspending the imposition of sentence, or to continue probation on the same or different conditions. Rule 32(f)(2)(iii), N.D.R.Crim.P. Our standard of review for a probation revocation is abuse of discretion.

■ The suspended sentence was predicated on the completion by Altringer of certain conditions as set forth by the sentencing court and outlined above. Altringer agreed to the terms of his probation and the fulfillment of those conditions was dependent on his own actions. If Altringer's circumstances changed, rendering him unable to complete the probationary conditions, it was his responsibility to ask the court to modify the terms of his probation. Altringer has failed to show an abuse of discretion.

Further, there was evidence to support the trial court's determination that Altringer had violated the conditions of his probation.

Altringer urges consideration of the ABA Standards, Standards Relating to Probation, § 5.1(a) and Commentary which are recognized in the Explanatory Note to Rule 32, N.D.R.Crim.P. They indicate that the key issue in disposition of a violation of terms of probation should be whether confinement is necessary (1) to protect the public from further criminal activity; (2) to provide the offender with treatment; or (3) to not unduly depreciate the seriousness of the violation of conditions of probation. Altringer argues that the trial court made no finding that incarceration was necessary for one of the above reasons.

■ It is evident, from the length of the recess of the hearing between August 12 and October 13 and from the trial court's invitations to defense counsel for suggestions for disposition, that the trial court did seek to assess alternatives to revocation of probation. The record shows that the trial court concluded that it would unduly depreciate the seriousness of Altringer's violations if probation were not revoked. This

conclusion by the trial court is one which we have recognized and adhered to in the past. *State v. Olson*, 379 N.W.2d 801 (N.D.1986).

Altringer argues further that the "sentencing Court did not consider continuing probation but appeared to indicate that it had no choice or other alternative other than to imprison Mr. Altringer". However, the record includes the assistant state's attorney's response to an inquiry on this issue:

> "It is my understanding that you can invoke that sentence or you can invoke a different sentence."

The trial court clearly understood that it had the power to do something other than impose the full term of the suspended sentence, continue probation, or sentence to a new combination of imprisonment and probation "as the circumstances warrant" under Rule 32(f), N.D.R.Crim.P.

If we are mistaken as to the sentencing court's understanding of its powers or as to the reason for its action, Altringer is free to return to the trial court to seek correction and reduction of his sentence under Rule 35, N.D.R.Crim.P., "within 120 days after receipt ... of a mandate issued ... having the effect of upholding a judgment of ... probation revocation".

Accordingly, we affirm the trial court's order revoking Altringer's probation.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.