STATE of North Dakota, Plaintiff and Appellee,

v.

Kirk Dean TOEPKE, Defendant and Appellant.

Cr. No. 910357.

Supreme Court of North Dakota.

June 1, 1992.

Don R. Krassin, Wahpeton, for defendant and appellant; submitted on briefs.

Earle R. Myers, Jr., State's Atty., Wahpeton, for plaintiff and appellee; submitted on briefs.

JOHNSON, Justice.

Kirk Dean Toepke appeals from an order of the district court which revoked his de-

ferred imposition of sentence and ordered him to serve six months in either the Richland or Morton County jail. We affirm.

Toepke was charged with possession of a controlled substance with intent to manufacture or deliver, in violation of section 19–03.1–23(1)(b), N.D.C.C. Pursuant to a plea agreement entered in December of 1990, Toepke received a deferred imposition of sentence for eighteen months and was placed on supervised probation. He also agreed to perform forty hours of community service during the eighteen-month probation period. The court imposed certain conditions of probation upon Toepke.[1]

In August of 1991, Earle Myers Jr., State's Attorney for Richland County, petitioned for the revocation of Toepke's probation claiming, upon the affidavit of Gary Masching, probation officer for Toepke, that he had violated several conditions of his probation. An order to apprehend probationer was issued, and Toepke was taken into custody.

A hearing was held on October 14, 1991, where the trial court heard testimony regarding the alleged violations. The trial court determined that Toepke had violated his probation, and that his deferred sentence should be revoked.[2] The trial court

---

1. The important conditions of probation imposed upon Toepke were as follows:

   As. the Defendant in this case you must not violate any Federal, State, County or Municipal criminal law or ordinance during the period of probation.

   &ast; &ast; &ast; &ast; &ast; &ast;

   11. refrain from [excessive use] of alcohol. You must not purchase, possess or consume any controlled substance, except as prescribed by a licensed physician.

   &ast; &ast; &ast; &ast; &ast; &ast;

   13. answer all reasonable inquiries by the probation officer and report monthly to him and at such other reasonable times as directed by him.

   &ast; &ast; &ast; &ast; &ast; &ast;

   15. submit to a medical examination or other reasonable testing including the Breathalyzer, Intoxilizer, blood samples or urine samples for the purpose of determining the use of alcohol or controlled substances whenever requested by any probation officer.

2. In its revocation of probation and commitment, the court stated:

   The Court finds that the Defendant was found guilty of the crime of Assault in Mandan City Court for an assault that took place on June 6, 1991.

   &ast; &ast; &ast; &ast; &ast; &ast;

   After all reasonable inquiries, the Court finds that the Defendant failed to comply with the requirements of his probation officer and did not report monthly as required between June 24, and September 14, 1991.

   &ast; &ast; &ast; &ast; &ast; &ast;

   The Court finds that the Defendant has had two dirty urine tests for marijuana, one in April of 1991 and one on June 24, 1991. The Court further finds that the Defendant has abused alcohol and reported to his probation officer in an intoxicated condition on or about September 18, 1991.

ordered that he be sentenced to two years with eighteen months suspended.[3]

On appeal, Toepke asserts that the trial court abused its discretion by sentencing him to six months in jail for violation of probation conditions imposed under a deferred imposition of sentence. Toepke asserts that the trial court abused its discretion because the violations were not proven by a preponderance of the evidence.

At the revocation hearing, four violations were alleged by the State: (1) That Toepke violated his conditions of probation to obey all laws when he was convicted of simple assault in Mandan, North Dakota; (2) That Toepke failed to have contact with his probation officer from June to September of 1991; (3) That Toepke provided two urine samples which tested positive for marijuana use; and (4) That Toepke appeared intoxicated when meeting with his probation officer on September 18, 1991.

In this appeal, Toepke argues that the simple assault conviction is being appealed, and the trial court's reliance upon this incident to revoke probation was an abuse of discretion. He claims that he tried, by telephone, to contact his probation officer several times, but no one answered. Toepke testified that he personally stopped at the Mandan office and was unable to find his probation officer there, but left a message with a secretary from another office, which he assumed his officer would receive. As to the condition which forbid use of controlled substances, Toepke admits that the April urine sample tested positive for marijuana. However, at that time, he was under extreme family stress and temporarily slipped back into his old ways. He claims that the proper procedures were not followed by his probation officer when taking the June urine sample. Finally, Toepke admits that he had three or four beers before meeting with his probation officer in September, but that this was not an excessive use of alcohol and should not be grounds for imposing six months in jail.

According to Rule 32(f)(2)(iii) of the North Dakota Rules of Criminal Procedure, "[i]f the violation is contested, the prosecution shall establish the violation by a preponderance of the evidence." Therefore, the prosecution bears the burden in revocation proceedings. *State v. Drader*, 432 N.W.2d 553, 554 (N.D.1988). Our standard of review of probation revocation proceedings requires a two-step analysis. *State v. Saavedra*, 406 N.W.2d 667, 669 (N.D.1987). "First, we must review the trial court's factual determination that the defendant violated the terms of his probation, and then the trial court's discretionary determination that the violation warrants revocation." *Id.*

We review the trial court's findings of fact in probation revocation proceedings under the clearly erroneous standard. *Id.* Although there is some evidence supporting it, a finding of fact is only clearly erroneous when, on the entire record, the reviewing court is convinced that a definite mistake has been made.

---

**3.** In its revocation of probation and commitment the court stated:

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED That it is the sentence of this Court that your deferred imposition of sentence shall be revoked and you, Kirk Dean Toepke, the Defendant, shall be committed to the custody of Tim Schuetzle, Warden of the State Penitentiary, for a term of two (2) years commencing at 4:30 P.M. on October 18, 1991, with eighteen (18) months of said sentence to be suspended, and that the Defendant receive credit for any time served, a check of the records having indicated that no time had previously been served by the Defendant, and it is further,

ORDERED, That the defendant is to serve his six (6) months in the Richland County jail or the Morton County jail. The Defendant may serve his sentence in the Morton County jail so long as serving his time in Morton County will not result in charges being billed to Richland County. It shall be the Defendant's responsibility to make any necessary arrangements with the Morton County jail to serve time in Morton County instead of Richland County. That while in jail the Defendant will be allowed work release from the jail to complete the forty (40) hours of community service previously ordered on the Richland County Community Service and Restitution program. That the work release herein is only for the forty (40) hours of community service, and it is further....

*State v. Morrison*, 447 N.W.2d 272, 275 (N.D.1989); *Saavedra*, 406 N.W.2d at 669. As an appellate court, we do not determine witness credibility, but recognize that credibility is to be determined by the trial court. *Weiss v. Anderson*, 341 N.W.2d 367, 371 (N.D.1983). On review, we do not substitute our judgment for the trial court when there is testimony to support its findings. *Saavedra*, 406 N.W.2d at 669.

The trial court had the opportunity to observe the demeanor and presence of all the witnesses who testified. That court was in the best position to determine the witnesses' credibility. The trial court determined that Toepke had violated his probation conditions. Based upon the admissions of Toepke in the transcript, we cannot say that this determination is clearly erroneous.

■ Once a violation has been proven, the trial court has discretion under Rule 32(f)(2)(iii) to "revoke an order suspending a sentence or an order suspending the imposition of sentence, or continue probation on the same or different conditions, as the circumstances warrant." Our standard of review of a trial court's decision to revoke probation is whether or not the court abused its discretion. *Saavedra*, 406 N.W.2d at 669; *State v. Altringer*, 388 N.W.2d 864, 865 (N.D.1986); *State v. Lesmeister*, 293 N.W.2d 875, 877 (N.D.1980).

■ The decision to sentence Toepke to two years with eighteen months suspended was an option available to the trial court under the law. N.D.C.C. § 12.1–32–07(5); [4] Rule 32(f)(2)(iii), N.D.R.Crim.P. *See State v. Gefroh*, 458 N.W.2d 479, 483 (N.D.1990). The transcript indicates that the trial court was concerned with the actions of Toepke and believed that he had not taken his probation as seriously as he should have.

It was apparent to the trial court that it would require six months in jail to make the appropriate personal impact upon Toepke. Upon this record, it has not been shown that the trial court abused its discretion in revoking Toepke's deferred imposition of sentence. Affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and VANDE WALLE, JJ., concur.

---

4. N.D.C.C. § 12.1–32–07(5) reads:
   5. The court, upon notice to the probationer and with good cause, may modify or enlarge the conditions of probation at any time prior to the expiration or termination of the period for which the probation remains conditional. If the defendant violates a condition of probation at any time prior to the expiration or termination of the period, the court may continue the defendant on the existing probation, with or without modifying or enlarging the conditions, or may revoke the probation and impose any other sentence that was available under section 12.1–32.02 or 12.1–32.09 at the time of initial sentencing or deferment. In the case of suspended execution of sentence, the court may revoke the probation and cause the defendant to suffer the penalty of the sentence previously imposed upon the defendant.