1997 ND 212

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Earl L. OWENS, Defendant and Appellant.**

**Criminal Nos. 970194–970195.**

Supreme Court of North Dakota.

Nov. 6, 1997.

Earl L. Owens, pro se.

Bruce A. Romanick, Assistant State's Attorney, Bismarck, for plaintiff and appellee.

NEUMANN, Justice.

[¶ 1] Earl L. Owens appeals from the district court's denial of his motion for return of bond. We reverse.

[¶ 2] In July 1995, Earl Owens was arrested on a warrant and was released after posting bond of five hundred dollars. In January 1996, Owens was arrested again and held in custody on unrelated charges. On January 30, 1996, while Owens was in custody in the county jail, Owens' wife, Ann Owens, appeared at the clerk of court's office. Mrs. Owens presented a computer-generated piece of paper that apparently serves as the original bond receipt in Burleigh County, and requested return of the money. The clerk refunded Owens' five hundred dollar bond to Ann Owens.

[¶ 3] On April 10, 1996, Owens was convicted and subsequently sentenced to the state penitentiary. In April 1997, Owens moved for return of the bond. Owens claimed the clerk of district court erred in refunding his bond money to his wife without his consent or knowledge, because the bond was registered in his name. The State resisted. The court denied the motion, ruling the bond had been returned to Ann Owens as required by Rule 46(h), NDRCrimP.[1]

[¶ 4] Owens appeals from the denial of the motion.

[¶ 5] We are first asked to decide whether the district court's order is appealable. If the order is appealable, we must decide whether the district court erred in denying Owens' motion for return of bond.

## I

[¶ 6] "The right of appeal in this state is statutory and is a jurisdictional matter." *Bland v. Commission on Medical Competency*, 557 N.W.2d 379, 384 (N.D.1996) (quoting *Raboin v. North Dakota Dep't. of Human Serv.*, 552 N.W.2d 329, 331 (N.D. 1996)). We must have jurisdiction to consider the merits of an appeal and, if there is no right to appeal, we must dismiss. *Id.* The right to appeal in criminal cases is governed under NDCC chapter 29–28. In this case, involving a criminal defendant, "[a]n appeal may be taken by the defendant from: … [a]n order made after judgment affecting any substantial right of the party." NDCC § 29–28–06(5). "[W]hile the right to appeal is purely statutory, statutes conferring the right to appeal must be liberally construed, and that in determining appealability it is not the label which controls but, rather, the effect." *State v. Jelliff*, 251 N.W.2d 1, 4 (N.D. 1977) (allowing appeal of an order dismissing a criminal complaint under NDCC § 29–28–07(1)).

[¶ 7] The State argues the return of bond money does not affect a substantial right, and is therefore outside of § 29–28–06, making the judge's ruling unappealable. The State, relying on *State v. Jefferson Park Books, Inc.*, 314 N.W.2d 73 (N.D.1981), asserts the only statutory requirements for a

---

1. The State later charged Ann Owens with theft of property for taking the bond money.

"substantial right" are the right to notice and the opportunity to be heard. In *Jefferson Park*, we held a criminal defendant who had been given notice and an opportunity to be heard in a motion for reduction of sentence under Rule 35, NDRCrimP, had not been deprived of any substantial right. *Id.* at 76. While the State is correct that Owens had an opportunity to be heard, we do not agree that notice and the opportunity to be heard are the only elements affecting or constituting a substantial right.

[¶ 8] We have recognized other substantial rights in criminal and civil proceedings.[2] For example, in criminal cases, correction of an illegal sentence under Rule · 35(a), NDRCrimP, involves a substantial right, making an order denying a motion brought under Rule 35(a) appealable by a criminal defendant. *State v. Nace*, 371 N.W.2d 129, 131 (N.D.1985).[3] However, a motion for reduction of a sentence under Rule 35(b) is not a "substantial right" as contemplated by NDCC § 29–28–06. *Jefferson Park*, 314 N.W.2d at 76.

[¶ 9] *Agricultural Bond & Credit Corp. v. Courtenay Farmers Coop. Ass'n, et al.*, 66 N.D. 122, 262 N.W. 453 (1935), held an order affected a substantial right and was appealable in a case in which the trial court denied a motion to restore grain storage receipts into the court's custody. In *Agricultural Bond*, on an action to foreclose on liens, the trial court ordered the deposit of storage receipts with the clerk of court. *Id.*, 262 N.W. at 454. For some unstated reason, the clerk of court delivered the storage receipts to one of the attorneys in the case. *Id.* The attorney refused to return the receipts, and instead sold the grain. *Id.* A motion was brought to require the receipts to be redeposited, but the judge denied the motion. *Id.* at 455.

[¶ 10] The *Agricultural Bond* Court in discussing the appealability of this case stated: "appeal lies ... from a final order affecting a substantial right, made in special proceedings or upon summary application in an action after judgment." *Id.* at 457 (relying on Laws Wis. 1895, c. 212, subd. 2). "An order refusing to set aside a judgment is a final order affecting a substantial right made upon a summary application after judgment, and as such is appealable to the Supreme Court notwithstanding the judgment is less than one hundred dollars." *Id.; cf. Smith v. Barnes County*, 32 N.D. 4, 152 N.W. 674 (1915) (allowing appeal of an unauthorized forfeiture of cash bail of five hundred dollars).

[¶ 11] As in *Agricultural Bond,* Owens deposited something of value with the clerk of court that may have been wrongfully paid out. We hold Owens' property interest in the five hundred dollars bond, and his possible deprivation of that property constitutes a substantial right. Therefore, the district court's order is appealable.

## II

[¶ 12] Next we must decide whether the district court erred in denying Owens' motion for return of bond. This court has not addressed the standard of review for an appeal from an order denying motion on return of bond. The standard of review for factual findings is the clearly erroneous standard. *Cf. State v. Toepke*, 485 N.W.2d 792, 794 (N.D.1992) (applying a clearly erroneous standard to findings of fact in a revocation of

---

2.  We have held an order compelling blood tests affected a family's substantial rights in a civil case. *B.H. v. K.D., et al.*, 506 N.W.2d 368, 372 (N.D.1993) (exercising original supervisory jurisdiction to protect substantial family rights, even though a Rule 54(b), NDRCivP, certification was lacking). We have also recognized a·final order affecting a substantial right made in special proceedings is appealable, concluding an order denying a motion to intervene is appealable. *Wyatt v. R.D. Werner Co.*, 524 N.W.2d 579, 580 (N.D. 1994). Likewise, we have recognized a substantial right was affected when there was a determination that a suit could not be maintained as a class action, because both the right to be repre-

sented and the right to share expense of litigation should be viewed as substantial. *Rogelstad v. Farmers Union Grain Term. Ass'n*, 224 N.W.2d 544, 547–48 (N.D.1974). The authority of a judge to act in a case has been held to affect the substantial rights of the state. *State v. Hunt*, 293 N.W.2d 419, 422 (N.D.1980).

3.  The holding in *Nace* has been superseded in part by legislation, *see* NDCC 12.1–32–06.1, but its holding about challenging an illegal sentence is still sound. *DeCoteau v. State*, 504 N.W.2d 552, 556 (N.D.1993).

probation proceeding). A finding of fact is clearly erroneous if after a review of the record, the reviewing court is convinced that a definite mistake has been made. *Id.*

[¶ 13] While we defer to the district court's findings of fact, questions of law are fully reviewable. *State v. Kenner*, 1997 ND 1, ¶ 7, 559 N.W.2d 538. When there are mixed questions of law and fact, the question is fully reviewable on appeal. *State v. Foster*, 1997 ND 8, ¶ 18, 560 N.W.2d 194; *State v. Skaro*, 474 N.W.2d 711, 716 (N.D.1991). The district court's order denying Owens'. motion presents mixed questions of law and fact, and is therefore fully reviewable.

### III

[¶ 14] In reviewing the district court's decision, we apply NDCC § 29–22–31 and Rule 46(h), NDRCrimP. Section 29–22–31, NDCC, provides: "When committed, [the defendant's] bail is exonerated, or if money is deposited instead of bail, it must be refunded to the defendant." [4] Rule 46(h) NDRCrimP, states: "Exoneration. If the condition of the bond has been satisfied or the forfeiture thereof has been set aside or remitted, the court shall exonerate the obligor and release any bail."

[¶ 15] The State argues the clerk acted appropriately under Rule 46(h), NDRCrimP, when she returned the money to Owens' wife

who held the receipt.[5] The district court's order denying Owens' motion stated:

> "Rule 46(h) of the North Dakota Rules of Criminal Procedure provides for release of bail upon satisfaction of bond conditions.
>
> In this case, the Clerk of Court did return the bail to the person holding the receipt for the bail, Ann Owens, wife of the defendant. Therefore, the bail has been returned as required by Rule 46(h)."

[¶ 16] A review of the record shows Owens presented to the District Court a prima facie case entitling him to return of his bond money. First, Owens presented unrebutted evidence that he had paid the money for his bond, and that the bond . receipt showed only his name as apparent payor. Second, Owens established he was entitled to exoneration of the bond under Rule 46(h), because he was incarcerated at the State Penitentiary, and bond was no longer required.

[¶ 17] The State has failed to present any evidence showing Owens was not entitled to the money. In its response to Owens' motion for return of bond, the State argued Rule 46(h) of the Rules of Criminal Procedure is the only authority for return of bond. The State asserted, "there are no statutes which require that the bond money be returned only to the person who posted the bond." The State's position is in error; § 29–22–31 NDCC clearly applies when the defendant himself has deposited the money.[6]

---

4. Section 29–22–31 has been in effect, unamended, since territorial days. C.Crim. P. 1877 § 410. The statute has its source in the California Penal Code of 1872, section 1166, which was nearly identical. In 1935, California amended its statute to allow for the return of bail money to the person who deposited it on behalf of the defendant. Cal.Penal Code § 1166.

5. The appellee's brief argued that because Mrs. Owens was in possession of the original receipt, she was entitled to receive the $500. The appellee further argued on brief, "that it is as likely as not, that the defendant's wife, at the time she received the $500, was the defendant's assignee and entitled to receive the $500."

There is nothing in the record or the law supporting this argument. A receipt for bond or bail is not a negotiable instrument under the U.C.C., and cannot be considered bearer paper. § 41–03–04 NDCC. Mrs. Owens' possession of the receipt is not proof that she has a right to receive refund of the bail. Even if it is possible

to assign the money deposited as bail, there is no proof an assignment was made.

6. Statutes and case law regarding return of deposited bail vary from state to state. Some jurisdictions require money deposited in lieu of bail to be returned to the defendant. *See, e.g. Hassan v. Earll*, 61 Mont. 389, 202 P. 581, 582 (1921) (holding exoneration of bail entitles the defendant to return of money deposited by him); *White v. Ordille*, 229 N.C. 490, 50 S.E.2d 499, 502 (1948) (stating that if the defendant performs conditions of recognizance, the cash deposit is returnable to him).

However, other jurisdictions hold the money deposited is returnable to the person who made the deposit. *See, e.g. Campbell v. Board of County Comm'rs*, 97 Kan. 68, 154 P. 257, 258 (1916) (returning bail money to the person who made the deposit); *Isbell v. Bay Circuit Judge*, 215 Mich. 364, 183 N.W. 721, 723 (1921) (returning the money to the person who made the deposit, where that person was undisputed); *Mundell v.*

[¶ 18] During oral argument on appeal, the State conceded that proper procedures in the clerk of court's office were not followed, and have since been changed. For example, nowhere on the receipt did it explicitly state who paid the money. The receipt merely stated:

"BAIL FOR: OWENS, EARL L.

FOR: BOND ON SELF

EARL OWENS."

There was no signature or other verification by the clerk's office on the receipt showing who received the money at the clerk's office. In addition, the money was not appropriately deposited.[7] The cash for the bond was put in an envelope and placed in a safe. The cash was later given to Ann Owens when she produced the receipt.

[¶ 19] After reviewing the record, it is clear the district court erred in denying Owens' motion for return of bond. Owens presented a prima facie case, unrefuted by the State, that the money should be returned to him.

[¶ 20] Reversed.

[¶ 21] VANDE WALLE, C.J., and MARING, MESCHKE and SANDSTROM, JJ., concur.

*Wells*, 181 Cal. 398, 184 P. 666, 668 (1919) (stating the court should inquire as to who is entitled to the money in equity and good conscience).

We need not decide whether bond money must be returned only to the defendant under § 29-22-31 NDCC, because it is undisputed Earl Owens deposited the money on his own behalf.

7. The clerk of court should have deposited the money in a trust fund with the county treasurer as is required under § 11-22-01, which provides:

"Any and all funds, other than fees and taxes, received by any sheriff, clerk of the district court, or public administrator by virtue of the office may be paid over and delivered to the treasurer of the county. Upon the delivery of the money to the treasurer, the officer depositing the same shall be absolved from all liability for the safekeeping of the funds."