2016 ND 230

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Travis Ryan BRENDEL, Defendant.**

**and**

**Terry Brendel, Interested Party and Appellant.**

Nos. 20160022, 20160023.

Supreme Court of North Dakota.

Dec. 5, 2016.

Barbara L. Whelan, State's Attorney, Walsh County Courthouse, Grafton, N.D., for plaintiff and appellee.

Erik A. Escarraman, Grand Forks, N.D., for defendant and appellant.

CROTHERS, Justice.

[¶ 1]   Terry Brendel appeals from an order forfeiting $5,000 of the $25,000 bail bond he posted for his son, Travis Brendel. Because Terry Brendel is not statutorily authorized to appeal the bond forfeiture order, we dismiss the appeal.

## I

[¶ 2] In May 2014 Travis Brendel was charged with various drug crimes, he posted bail and a condition of his release was that he not use or possess controlled substances. Later in May 2014 Travis Brendel was arrested and charged with property-related crimes and a second set of drug crimes. His bail bond was modified and increased. Travis Brendel was released from custody after posting bail, and a condition of release was that he not use or possess controlled substances. Travis Brendel later failed to appear for a court hearing, tested positive for drug use and was arrested. The district court increased his bail which resulted in an additional $25,000 needed for Travis Brendel's release from jail.

[¶ 3] In November 2014 Travis Brendel's father, Terry Brendel, posted $25,000 in cash to bail out his son. The same condition of release forbidding drug use was applicable. Travis Brendel again tested positive for drug use and was arrested in May 2015. The court reset bail at $250,000. The State also moved to revoke and forfeit bond, and the court granted the motion. Terry Brendel moved to set aside the bond forfeiture for the $25,000 he posted on behalf of his son. The State responded that it sought forfeiture of only $5,000 of the $25,000 posted by Terry Brendel. Terry Brendel, represented by an attorney who also represented his son, appeared at the bail forfeiture hearing but did not testify. Following the hearing, the court ordered that $5,000 of the $25,000 amount posted by Terry Brendel be forfeited. Travis Brendel ultimately pled guilty to federal drug charges arising out of the same incidents and the state charges in the two cases were dismissed with prejudice.

## II

[¶ 4] Terry Brendel is the sole appellant challenging the forfeiture order in this case. " 'The right to appeal is a jurisdictional matter and, even if the parties do not raise the issue of appealability, we must dismiss the appeal on our own motion if we conclude we do not have jurisdiction.' " *Pierce Family Mineral Tr. v. Jorgenson,* 2012 ND 100, ¶ 6, 816 N.W.2d 779 (quoting *Brummund v. Brummund,* 2008 ND 224, ¶ 4, 758 N.W.2d 735). In North Dakota, the right to appeal is purely statutory. *See State v. Owens,* 1997 ND 212, ¶ 6, 570 N.W.2d 217. Chapter 29–28, N.D.C.C., provides for appeals in criminal cases.

[¶ 5] An order denying a motion for return of bond is appealable under N.D.C.C. § 29–28–06(5) because it affects a defendant's substantial property right. *Owens,* 1997 ND 212, ¶ 11, 570 N.W.2d 217. However, appeals in criminal cases may be taken only by a "defendant," N.D.C.C. § 29–28–06, or the "state." N.D.C.C. § 29–28–07. The orders here are part of two separate criminal cases, and Terry Brendel is neither the "defendant" nor the "state."

[¶ 6] Restricting the right of appeal to a "defendant" in a bail forfeiture proceeding comports with state law governing bail. Section 29–08–28, N.D.C.C., provides:

"Except as otherwise provided in this section, moneys deposited as bail are the property of the defendant, whether deposited by the defendant or by a third person on the defendant's behalf. If bail moneys are deposited by a third person, the person must be notified at the time of deposit that the moneys may be paid to the defendant upon final disposition of the case or applied to any fine, cost, or restitution imposed on the defendant. The person may direct, sub-

ject to further order of the judge, that the deposited moneys be released to that person upon final disposition of the case. When moneys are accepted by the court as bail, the judge shall order that the moneys received be deposited with the clerk of court. The clerk shall retain the moneys until the final order of the court disposing of the case. Upon release of the moneys held by the clerk, the moneys must be paid to the defendant or pursuant to the defendant's written direction or, unless otherwise ordered by the judge, as directed by a person who deposited moneys on behalf of the defendant. In the case of a conviction, the judge may order the moneys to be applied to any fine, cost, or restitution imposed on the defendant. The balance of the deposit, if any, must be paid to the defendant. Moneys deposited with the court or clerk of court as bail are exempt from garnishment, attachment, or execution."

Under N.D.C.C. § 29–08–28, moneys deposited as bail by a third person are treated as property of the defendant, who has the "substantial right" in the possible deprivation of that property. *Owens,* 1997 ND 212, ¶ 11, 570 N.W.2d 217; *see also*

*State v. Wilkie,* 2016 ND 97, ¶ 27, 879 N.W.2d 431 (district court did not abuse its discretion in refusing to allow defendant's father who posted bail to testify at bond forfeiture proceeding because father's testimony "was not relevant in deciding whether to order forfeiture of the bond").

[¶ 7] North Dakota law does not authorize a third-person surety to appeal a bail bond forfeiture order. We conclude Terry Brendel cannot appeal from the bond forfeiture order and we lack jurisdiction over this appeal.

### III

[¶ 8] The appeal is dismissed.

[¶ 9] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.