# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2025 ND 237

The State of North Dakota,                                                 Plaintiff

v.

Adolph Akwe Lawrence,                               Defendant and Appellant

### No. 20250299

Appeal from the District Court of Traill County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Adolph A. Lawrence, self-represented, Crookston, Minnesota, defendant and appellant; submitted on brief.

**Tufte, Justice.**

[¶1]   Adolph Lawrence appeals a district court order denying his Petition to Reconsider Bail Revocation/Forfeiture and for Return of Bail Money Following Case Dismissal. We affirm.

I

[¶2]   In 2022, Lawrence posted $1,000 bail after being charged with possession with intent to deliver marijuana. When Lawrence failed to appear for a scheduled hearing on July 20, 2022, the district court issued a bench warrant for his arrest and forfeited his bail. In January 2023, the court granted the State's motion to dismiss the charge without prejudice because Lawrence was being prosecuted in federal court on similar charges.

[¶3]   In July 2025, Lawrence moved the district court to return his $1,000 bail. The court denied Lawrence's motion, stating that "[f]orfeiture is the appropriate consequence for failing to appear." Lawrence timely appealed.

II

[¶4]   An order denying the return of property deposited with the court is appealable because such an order affects a substantial property right. *State v. Owens*, 1997 ND 212, ¶¶ 6-11, 570 N.W.2d 217 (citing N.D.C.C. § 29-28-06). Furthermore, "[t]he court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if it appears justice does not require bail forfeiture." N.D.R.Crim.P. 46(f)(2)(A). The word "may" indicates that the court has discretion in the matter. *Waldie v. Waldie*, 2008 ND 97, ¶ 11, 748 N.W.2d 683. Accordingly, we review an order denying return of bail under an abuse of discretion standard. A court abuses its discretion when it acts arbitrarily, capriciously, or unconscionably, or when it misinterprets or misapplies the law. *Id*.

[¶5]   Lawrence argues his failure to appear was not willful, the State suffered no prejudice, and justice requires the return of the bail given the dismissal of the charges. The district court briefly stated in its denial that forfeiture was an appropriate consequence for failure to appear.

[¶6]   The district court had discretion whether to set aside the forfeiture under N.D.R.Crim.P. 46(f)(2)(A). The court did not misinterpret or misapply the law because bail is meant to ensure that a defendant will appear before the court. N.D.C.C. § 29-08-01 (defining bail as security that a person in custody will appear before the court if released). Upon review of the record, the court's denial is not otherwise arbitrary, capricious, or unconscionable. Therefore, we hold that the court did not abuse its discretion when it denied Lawrence's petition.

### III

[¶7]   We affirm.

[¶8]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr