2012 ND 16

**In the Matter of the ESTATE OF Audrey J. HOLLINGSWORTH, deceased.**

**Lyle Hollingsworth, Personal Representative of the Estate of Audrey Hollingsworth, Petitioner and Appellant,**

**v.**

**Jerry Hollingsworth, Kevin Hollingsworth, and Cory Hollingsworth, Respondents.**

**Jerry Hollingsworth, Appellee.**

**No. 20110141.**

Supreme Court of North Dakota.

Jan. 12, 2012.

Kimberly Joy Radermacher, Ellendale, N.D., for petitioner and appellant.

Kenneth Lee Beach, Valley City, N.D., for appellee.

SANDSTROM, Justice.

[¶ 1] Lyle Hollingsworth, as personal representative of the Estate of Audrey Hollingsworth, appeals from a district court judgment determining the distribution of insurance proceeds. We dismiss the appeal for lack of jurisdiction.

I

[¶ 2] Audrey Hollingsworth died in February 2006 survived by four sons, Lyle, Kevin, Jerry, and Cory Hollingsworth. Audrey Hollingsworth owned farmland, machinery, and a house and garage. Her will devised certain land to Kevin Hollingsworth and to Cory Hollingsworth, noting that Jerry Hollingsworth and Lyle Hollingsworth had previously received land by gift. The farm machinery was devised to Jerry Hollingsworth and Lyle Hollingsworth. The will further provided that Jerry Hollingsworth and Cory Hollingsworth were given the right to use and occupy the house and garage during their lifetimes. The rest of Audrey Hollingsworth's property, including the remainder interest in the house and garage, passed through the will's residuary clause equally to all four sons. Informal probate of the will was begun in 2006, with Lyle Hollingsworth as personal representative.

[¶ 3] Jerry Hollingsworth had lived in the house with Audrey Hollingsworth and continued to live there after her death. The house was insured under a farm and ranch policy issued by Nodak Mutual Insurance Company ("Nodak") which listed Jerry Hollingsworth as the primary insured, with Audrey Hollingsworth listed as an additional insured. After Audrey Hollingsworth's death, the Estate was listed as the additional insured.

[¶ 4] In May 2006, the house was destroyed by fire. Nodak issued several checks made payable to Jerry Hollingsworth and the Estate for the loss. Disputes arose over the various parties' rights in the insurance proceeds, and Lyle Hollingsworth, as personal representative of the Estate, began proceedings in the informal probate requesting that the district court order a division of the insurance proceeds. Following an evidentiary hearing, the district court issued its findings of fact, conclusions of law, and order for judgment directing division of various components of the insurance proceeds between Jerry Hollingsworth and the Estate. The court concluded that the portion of the insurance proceeds paid for loss of the dwelling should be divided on the basis of the relative percentage value of Jerry Hollingsworth's life estate and the Estate's remainder interest, as calculated by actuarial tables. The court did not award any portion of the insurance proceeds to Cory Hollingsworth for his life estate, finding that he had not exercised his rights under his life estate.

[¶ 5] Lyle Hollingsworth asserts that after judgment had been entered, the parties notified the district court that the written findings of fact and judgment failed to address the parties' dispute over $9,200 in insurance proceeds for debris removal. Lyle Hollingsworth contends that "on February 8, 2001, Laurel Alber,

Clerk for the Honorable Daniel D. Narum, emailed the parties indicating that the proceeds for debris removal were to be made payable to the Estate and ultimately divided amongst the four children." Lyle Hollingsworth thereafter filed a notice of appeal, stating the appeal was taken from "the order of the District Court entered by the Honorable Daniel D. Narum on January 4, 2011, and orally amended on February 8, 2011."

Shortly after the appeal had been filed, counsel for the parties allegedly signed a written stipulation agreeing that the February 8, 2011, e-mail from Laurel Alber and a March 10, 2011, notice of entry of judgment constituted parts of the record and that the clerk of court could certify and transmit those documents as a supplement to the record on appeal. That stipulation was not contemporaneously filed with the district court, and those documents were not part of the record on appeal when this case was heard. After the oral argument on appeal, the stipulation was filed with the district court. The district court thereafter ordered that the notice of entry of judgment be certified and transmitted as a supplement to the record, but ordered that the e-mail that allegedly "informally" and "orally" amended the written findings of fact and judgment was not part of the record.

## II

[¶ 7] Before we consider the merits of an appeal, we must first determine whether this Court has jurisdiction. *State v. Walker*, 2010 ND 214, ¶ 17, 790 N.W.2d 484; *Investors Title Ins. Co. v. Herzig*, 2010 ND 138, ¶ 23, 785 N.W.2d 863; *Brummund v. Brummund*, 2008 ND 224, ¶ 4, 758 N.W.2d 735. The right to appeal is a jurisdictional matter governed solely by statute, and even if the parties do not raise the issue of appealability, we

must dismiss the appeal on our own motion if we conclude there is no statutory basis for the appeal and we do not have jurisdiction. *Walker*, at ¶ 17; *Investors Title*, at ¶ 23; *Brummund*, at ¶ 4.

[¶ 8] We first note that Lyle Hollingsworth has attempted to appeal from the order for judgment rather than the judgment itself. Although an order for judgment is not appealable, an attempted appeal from an order for judgment will be treated as an appeal from a subsequently entered consistent judgment, if one exists. *E.g.*, *Lund v. Lund*, 2011 ND 53, ¶ 5, 795 N.W.2d 318; *Gray v. North Dakota Game & Fish Dep't*, 2005 ND 204, ¶ 1, 706 N.W.2d 614. Thus, we will treat the appeal as an appeal from the judgment.

[¶ 9] That does not, however, end the jurisdictional inquiry in this case. As we explained in *Investors Title*, 2010 ND 138, ¶¶ 23–24, 26, 785 N.W.2d 863 (citations omitted):

This Court utilizes a two-step analysis to evaluate the finality of orders for review:

"First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), N.D.R.Civ.P., [if applicable,] must be complied with. If it is not, we are without jurisdiction."

*Matter of Estate of Stensland*, 1998 ND 37, ¶ 10, 574 N.W.2d 203 (quoting *Gast Constr. Co., Inc. v. Brighton P'ship*, 422 N.W.2d 389, 390 (N.D.1988) (citations omitted)).

The purpose of N.D.R.Civ.P. 54(b) is to facilitate our longstanding policy to discourage piecemeal appeals of multi-claim or multi-party litigation. Under N.D.R.Civ.P. 54(b), the district court is authorized to enter a final judgment ad-

judicating fewer than all claims of all parties when the court expressly concludes there is no just reason for delay and expressly directs the entry of judgment.

. . . .

We have held N.D.R.Civ.P. 54(b) is applicable in probate proceedings. Under N.D.C.C. § 30.1–02–06.1, the rules applicable to appeals in equity cases govern the right to appeal probate orders. "Once jurisdiction is established under [N.D.C.C. § 28–27–02], Rule 54(b)'s separate requirements must also be met, if applicable. Parties in probate cases bear the duty of requesting a Rule 54(b) order or certification if they seek an appeal." [*Matter of Estate of Sorensen,* 406 N.W.2d 365 (N.D.1987)] (citation omitted).

■ [¶ 10] This Court has held that in an unsupervised probate, an order or judgment determining some, but not all, of one person's claims or disputes in an estate is not appealable without a Rule 54(b) certification. *Investors Title,* 2010 ND 138, ¶ 28, 785 N.W.2d 863; *In re Estate of Eggl,* 2010 ND 104, ¶ 7, 783 N.W.2d 36; *In re Estate of Stensland,* 1998 ND 37, ¶ 14, 574 N.W.2d 203. When a judgment or order in an unsupervised probate does not settle all claims and disputes between the parties, but "leaves open more litigation between the same litigants . . . and augers more appeals," the judgment or order is not appealable without a Rule 54(b) certification. *Stensland,* at ¶ 16.

[¶ 11] As in *Stensland,* in this case the distribution of the estate has not been approved, there has been no final discharge of the personal representative, and there is no Rule 54(b) certification. In addition, there appears to be an unresolved dispute between the parties regarding $9,200 in insurance proceeds for debris removal. Additional proceedings are re-

quired to fully resolve these parties' interests in the estate, and further appeals are possible.

[¶ 12] This judgment resolves some, but not all, of the disputes between these parties, and it therefore is not appealable without Rule 54(b) certification. The record on appeal does not suggest that this is the "infrequent harsh case" appropriate for Rule 54(b) certification, and therefore certification, had it been granted, would have been improvident. *See Brummund,* 2008 ND 224, ¶¶ 5–6, 758 N.W.2d 735.

### III

[¶ 13] We conclude the judgment in this case is not a final, appealable judgment, and we do not have jurisdiction. We therefore dismiss the appeal.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.