2015 ND 73

**Bradley Dean JORDET, Plaintiff and Appellant**

v.

**Tracy Lyndal JORDET, Defendant**

and

**State of North Dakota, Statutory Real Party in Interest.**

No. 20140232.

Supreme Court of North Dakota.

March 24, 2015.

Jonathan T. Garaas, Fargo, N.D., for plaintiff and appellant.

Tracy L. Jordet, defendant; no appearance.

SANDSTROM, Justice.

[¶ 1]  Bradley Jordet appeals from district court orders consolidating cases, adopting a judicial referee's decision denying his request for a money judgment against Tracy Jordet, and denying his motion for a new trial or amended findings. Bradley Jordet argues the district court erred in consolidating his action for reimbursement with the divorce and he was entitled to a default judgment on his motion for entry of a money judgment.  We dismiss the appeal, concluding we do not have jurisdiction to consider the appeal because Bradley Jordet did not appeal from a final, appealable order.

I

[¶ 2]  In December 2010, Bradley and Tracy Jordet divorced.  Bradley Jordet was awarded primary residential responsibility of the parties' two minor children, and Tracy Jordet was ordered to pay child support.  The parties were ordered to equally divide the minor children's uncovered medical expenses.  The divorce judgment also divided the parties' assets and debts.  Tracy Jordet was awarded the parties' lake property in Minnesota and was ordered to pay certain debts, including the mortgage on the lake property, a Chase account, and an MBNA account.  The judgment included a provision stating, "*Hold Harmless and Indemnify*.  If either party shall be required to pay any debt, liability, mortgage or lien that the other party agreed or assumed to pay, the paying party shall be held harmless and shall be indemnified by the other party for said payments including appropriate costs and attorney's fees."

[¶ 3]  In 2012, Bradley Jordet sued Tracy Jordet for reimbursement under the indemnity provision of the divorce judgment in a separate action.  He claimed he was entitled to reimbursement under the indemnity provision because he paid $7,746.42 in debts and expenses for Tracy Jordet's benefit prior to February 2011, including insurance for the lake property, insurance for Tracy Jordet's vehicle, utilities for the lake property, the Chase and MBNA accounts, the mortgage on the lake property, Tracy Jordet's portion of the

children's medical expenses, and medical expenses attributable to Tracy Jordet.

[¶ 4] Tracy Jordet answered and counterclaimed, denying all of Bradley Jordet's allegations. She claimed she did not owe the money Bradley Jordet alleged and his claim about these amounts were already resolved in the divorce, and she requested attorney's fees and sanctions. She moved for summary judgment, arguing the issues were addressed and adjudicated with finality in the divorce and Bradley Jordet's claim should be dismissed because it is barred by res judicata and collateral estoppel. She alternatively argued the claims should be dismissed under N.D.R.Civ.P. 12(b)(6) for failing to state a valid claim, because Bradley Jordet failed to provide proper documentation of his claim and provide sufficient evidence of the amounts allegedly owed to him. She submitted exhibits in support of her motion. Tracy Jordet also moved for sanctions under N.D.R.Civ.P. 11.

[¶ 5] Bradley Jordet responded to the motion for summary judgment, arguing there has never been a judicial determination Tracy Jordet does not owe the amounts he alleged. He also argued her pleadings were frivolous and he requested attorney's fees and other expenses under N.D.C.C. §§ 28–26–01(2) and 28–26–31.

[¶ 6] Tracy Jordet moved to consolidate the action for reimbursement with the divorce, arguing the two cases concern the same matter and the issues raised in the reimbursement action were addressed in the divorce. Bradley Jordet objected to the motion, arguing there was no common question of law or fact in the cases, the judgment is final in the divorce, and neither party has sought to reopen the divorce judgment. After a hearing, the district court granted Tracy Jordet's motion and consolidated the actions. All of the documents from the reimbursement action were re-filed in the divorce case.

[¶ 7] Tracy Jordet's attorney moved to withdraw as her attorney of record, and the district court granted the motion.

[¶ 8] Bradley Jordet moved for a money judgment, seeking an order finding Tracy Jordet indebted to him with an obligation to reimburse him under the indemnity provision of the divorce judgment. He submitted an affidavit in support of his motion, alleging he paid certain amounts for Tracy Jordet's benefit and she has not reimbursed him for any of the amounts he paid, and he requested $1,500 in attorney's fees. He did not request a hearing on his motion. He submitted a proposed order for signature by the district court judge or judicial referee and a proposed judgment. Tracy Jordet did not file a response to his motion.

[¶ 9] The judicial referee denied Bradley Jordet's motion, finding he failed to meet his burden of proof. The referee found the indemnification provision of the divorce judgment states a party may be indemnified for expenses the party was required to pay, the divorce judgment does not specifically state either party is required to pay the lake property or automobile insurance, or the utilities for the lake property, and Bradley Jordet did not establish he had an obligation to pay these amounts. The referee found there was no evidence when the debts were allegedly paid and there was no evidence Bradley Jordet was required to pay any of the expenses. The referee also ordered each party be responsible for their own costs, expenses, and attorney's fees.

[¶ 10] Bradley Jordet requested the district court review the referee's decision, arguing the referee did not have jurisdiction, both parties previously requested the district court decide all matters in the action, and he is entitled to a default judg-

ment because Tracy Jordet did not respond to his motion. The district court found the referee had jurisdiction and Bradley Jordet consented to the referee hearing the matter. The judge conducted a de novo review of the record and adopted the referee's decision. The judge found the divorce judgment required Tracy Jordet pay the Chase and MBNA accounts, but the judgment did not specifically require either party pay the lake property and automobile insurance or utilities for the lake property, and there was nothing in the judgment requiring Bradley Jordet pay any of the expenses that were Tracy Jordet's responsibility. The court found any amounts Bradley Jordet paid were paid voluntarily because he did not establish he had any obligation to pay the expenses.

[¶ 11] Bradley Jordet moved for a new trial or for amended or additional findings. The court denied the motion, stating it was treating Bradley Jordet's motion as a motion for reconsideration.

## II

■ [¶ 12] Before we can address the merits of an appeal, we decide whether this Court has jurisdiction. The right to appeal is jurisdictional, and we will consider the appealability of an order on our own initiative even if neither party questions the appealability. *In re Estate of Hollingsworth*, 2012 ND 16, ¶ 7, 809 N.W.2d 328.

■ [¶ 13] The right to appeal is governed by statute, and without a statutory basis to hear an appeal, we do not have jurisdiction and we must dismiss the appeal. *Mann v. N.D. Tax. Com'r*, 2005 ND 36, ¶ 7, 692 N.W.2d 490. We apply a two-part test to decide whether we have jurisdiction over an appeal:

First, the order appealed from must meet one of the statutory criteria of appealability set forth in [N.D.C.C.] § 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then [N.D.R.Civ.P. 54(b)] must be complied with. If it is not, we are without jurisdiction.

*Id.* (quoting *Dietz v. Kautzman*, 2004 ND 164, ¶ 6, 686 N.W.2d 110).

■ [¶ 14] Only judgments and decrees which constitute a final judgment of the rights of the parties to the action and orders enumerated by statute are appealable. *Mann*, 2005 ND 36, ¶ 8, 692 N.W.2d 490. Section 28–27–02, N.D.C.C., governs what orders are reviewable on appeal, and provides that the following orders may be appealed:

1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;

2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;

3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction. . . .

4. An order which grants or refuses a new trial or which sustains a demurrer;

5. An order which involves the merits of an action or some part thereof;

6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or

7. An order made by the district court or judge thereof without notice is not appealable, but an order made

by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

[¶ 15] Bradley Jordet appealed from the district court order consolidating the reimbursement and divorce actions, the referee's order denying his motion for entry of a money judgment against Tracy Jordet, the district judge's order adopting the referee's decision, and the order denying his motion for a new trial or amended findings. None of the orders are final and appealable.

[¶ 16] An order granting or denying consolidation is generally an interlocutory decision. See *Bismarck Pub. Sch. Dist. No. 1 v. Ritterbush Assoc., P.C.*, 313 N.W.2d 712, 714–15 (N.D.1981). Generally the order is not dispositive and does not involve the merits of the action, and therefore it is not a final and appealable order. *Id.* at 714. The order consolidating the reimbursement and divorce actions is not a final and appealable order. An order consolidating actions, however, is reviewable upon appeal from a final order or judgment. See *Heller v. Production Credit Ass'n of Minot*, 462 N.W.2d 125, 127 (N.D. 1990) (an order consolidating actions is reviewed for an abuse of discretion on appeal).

[¶ 17] Bradley Jordet moved for entry of a money judgment under N.D.R.Ct. 3.2, seeking "an order adjudging [Tracy Jordet] to be indebted to [Bradley Jordet] based upon indemnification obligations arising out of the original divorce judgment so as to allow entry of money judgment." He submitted an affidavit in support of his motion, claiming Tracy Jor-

det did not "pay indebtedness attributed to her ownership of certain property, nor did she pay all of the indebtedness specifically attributed to be her responsibility under the terms of the Judgment[,]" and alleging he paid $7,746.42 in debts and expenses for the benefit of Tracy Jordet. Bradley Jordet did not request an evidentiary hearing on his motion. This motion for entry of a money judgment was similar to a motion for summary judgment. Summary judgment is a "procedure for promptly and expeditiously disposing of an action without a trial if either party is entitled to judgment as a matter of law, if no dispute exists as to either the material facts or the inferences to be drawn from undisputed facts, or if resolving the factual disputes will not alter the result." *Van Valkenburg v. Paracelsus Healthcare Corp.*, 2000 ND 38, ¶ 17, 606 N.W.2d 908.

[¶ 18] Tracy Jordet did not file a response to Bradley Jordet's motion. The opposing party's failure to file a brief in response to a motion under N.D.R.Ct. 3.2 may be deemed an admission that the motion is meritorious; however, "the moving party must still demonstrate to the court that it is entitled to the relief requested." N.D.R.Ct. 3.2(c). The referee concluded Bradley Jordet failed to meet his burden of proof for entry of a judgment in his favor, because there was no evidence he was "required" to pay any of the sums he allegedly paid. The district court adopted the referee's decision and further ruled the indemnification provision of the divorce judgment provides a party shall be indemnified if the party is required to pay any debt or liability the other party agreed or assumed to pay, the divorce judgment did not specify which party was responsible for the lake property and automobile insurance or the utilities for the lake property, and Bradley Jordet did not establish he was required to pay

any of the expenses that were Tracy Jordet's responsibility.

[¶ 19] A denial of summary judgment is not a decision on the merits; rather, it is a decision that there is a material factual issue to be tried and the moving party is not entitled to the requested judgment at that point. *Berg v. Dakota Boys Ranch Ass'n,* 2001 ND 122, ¶ 9, 629 N.W.2d 563. " 'An order denying a motion for summary judgment is merely interlocutory and, leaving the case pending for trial, it decides nothing except that the parties may proceed with the case.' " *Id.* (quoting *Herzog v. Yuill,* 399 N.W.2d 287, 293 (N.D. 1987)). The district court's decision denying Bradley Jordet's motion is similar to an order denying a motion for summary judgment. The court found Bradley Jordet failed to meet his burden of proof for the motion and it denied his request to enter a money judgment in his favor. The court did not rule on Tracy Jordet's motion for summary judgment and did not dismiss Bradley Jordet's claim.

[¶ 20] An order denying a motion for summary judgment is not an appealable order. *See Vinje v. Sabot,* 477 N.W.2d 198, 199 (N.D.1991). Interlocutory orders are not final decisions and are subject to review any time before entry of judgment adjudicating all the claims. *Belden v. Hambleton,* 554 N.W.2d 458, 460 (N.D.1996). Like an order denying a motion for summary judgment, the district court's order denying Bradley Jordet's motion is an interlocutory order and is not appealable.

[¶ 21] Bradley Jordet also appealed from the order denying his motion for a new trial or for amended findings. Generally, an order denying a motion for a new trial is an appealable order. N.D.C.C. § 28–27–02(4). However, a trial was never held on Bradley Jordet's claim, and the district court stated it was treating the motion as a motion for reconsideration of the order denying the motion for entry of a money judgment. The order was interlocutory. Bradley Jordet did not request a trial be held or the court take any other action to finally adjudicate the claim. His claim is still pending.

[¶ 22] Bradley Jordet did not appeal from a final, appealable order. We conclude we do not have jurisdiction, and we dismiss the appeal. We remand to the district court for further proceedings. Bradley Jordet has expressed a demand for a district court judge to decide this matter and has argued he did not agree to submit the dispute to a judicial referee. On remand, the matter shall be heard before a district court judge and not a judicial referee.

### III

[¶ 23] We dismiss the appeal and remand for further proceedings before a district court judge.

[¶ 24] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.