2016 ND 162

**Rick SNIDER and Janan Snider d/b/a RJ Snider Construction, Plaintiff and Appellees**

v.

**DICKINSON ELKS BUILDING, LLC, Defendant and Appellant.**

**No. 20150343.**

Supreme Court of North Dakota.

Aug. 17, 2016.

Sean T. Foss, Fargo, N.D., for plaintiffs and appellees.

Christopher J. Thompson, Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Dickinson Elks Building, LLC, appeals after the district court forfeited a construction lien filed by Rick and Janan Snider, doing business as RJ Snider Construction, and awarded the Dickinson Elks attorney's fees. We conclude we do not have jurisdiction and dismiss the appeal.

I

[¶ 2] In December 2011, Snider contracted with Beaver Brinkman to perform work on real property owned by the Dickinson Elks. Snider recorded a construction lien in January 2013 for $198,255.08 against the property after it did not get paid for all of its work. In May 2014, the Dickinson Elks served Snider with a demand to start a lawsuit to enforce the lien and record a lis pendens within 30 days of the demand. Snider sued the Dickinson Elks in June 2014, seeking foreclosure of the construction lien and a money judgment for $198,255.08. Snider recorded a notice of lis pendens on July 28, 2014.

[¶ 3] The Dickinson Elks moved for summary judgment, arguing Snider's complaint should be dismissed because Snider was not a licensed contractor when it started the work on the property. The Dickinson Elks also argued Snider did not have a valid construction lien, because Snider did not record a lis pendens within 30 days of receiving the demand to enforce the lien. The district court granted the motion in part and entered a judgment forfeiting Snider's construction lien because Snider did not record a lis pendens within 30 days of receiving the Dickinson Elks' demand to enforce the lien as required under N.D.C.C. § 35-27-25.

[¶ 4] The Dickinson Elks subsequently moved for attorney's fees for successfully contesting the construction lien. The district court entered a judgment awarding the Dickinson Elks $2,994 in attorney's fees.

II

[¶ 5] Before reaching the merits of the Dickinson Elks' appeal, we must first decide whether we have jurisdiction. *Jordet v. Jordet*, 2015 ND 73, ¶ 12, 861 N.W.2d 154; *In re Estate of Hollingsworth*, 2012 ND 16, ¶ 7, 809 N.W.2d 328. The right to appeal is a jurisdictional matter governed by statute, and we will dismiss an appeal on our own if we conclude there is no statutory basis for the appeal and we do not have jurisdiction, even if the parties do not question the appealability. *Jordet*, at ¶ 12; *Hollingsworth*, at ¶ 7. Only

those orders enumerated in N.D.C.C. § 28–27–02 and judgments and decrees constituting a final judgment of the rights of the parties to the action are appealable. *Jordet*, at ¶ 14.

[¶ 6] Rule 54(b), N.D.R.Civ.P., preserves this Court's policy against piecemeal appeals and provides:

> If an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim, or if multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*See also Bulman v. Hulstrand Constr. Co., Inc.*, 503 N.W.2d 240, 241 (N.D.1993). "A party seeking to appeal must wait until the end of the case, when all claims have been resolved and final judgment has been entered, before filing an appeal." N.D.R.Civ.P. 54, Explanatory Note.

[¶ 7] The Dickinson Elks appeal from the judgment forfeiting Snider's construction lien and the judgment awarding the Dickinson Elks attorney's fees. Neither of these judgments is final, however, because Snider's claim for a money judgment remains unresolved.

[¶ 8] In its complaint, Snider sought foreclosure of its construction lien against the Dickinson Elks. Snider also alleged it was "entitled to judgment against the Defendant, Dickinson Elks Building, LLC, in the sum of ... ($198,255.08) plus interest

thereon as provided by North Dakota law." Snider sought a $198,255.08 money judgment against the Dickinson Elks in the complaint's prayer for relief.

[¶ 9] The district court addressed Snider's complaint in the order granting summary judgment to the Dickinson Elks:

> [Snider's] complaint in this matter seeks a judgment in the amount of $198,255.08 plus interest thereon as a result of a contract in between the [Dickinson Elks] and [Snider]. Further, the complaint seeks foreclosure on the building described as:
>
> > lots 11 and 12 block 13, original plat on the city of Dickinson, County of Stark, State of North Dakota.
>
> The ability to foreclose against the subject property is dependent upon a valid lien. The contract right remains separate and apart from the issue concerning the lien. [Snider] still has a viable contract claim even if the lien against the property is not valid.

[¶ 10] In its order on attorney's fees the district court stated, "The Court will take up this issue [of attorney's fees] at the time of trial. This Court will withhold ruling on attorney's fees and will take this up at the time of trial on all of the issues between these parties." After an August 2015 status conference hearing, the court issued another order on attorney's fees and stated, "The Court anticipated this matter would proceed on the contract case, but the attorneys have indicated that is not the case. Thus, the only outstanding issue to decide is that of the attorney's fees expense challenging the validity of the lien."

[¶ 11] On the basis of the district court's statements in the above orders, the court recognized Snider's claim for money damages remained unresolved and the court anticipated further proceedings

on that claim. Presumably, at the status conference hearing the parties' attorneys indicated otherwise. The record does not include a transcript of that hearing, but regardless of what the attorneys said, nothing in the record shows the court subsequently addressed Snider's money damages claim in an order or judgment, nor does the record show Snider withdrew its money damages claim against the Dickinson Elks. Snider's attorney stated at oral argument the claim for money damages remains unresolved.

[¶ 12] The judgment forfeiting Snider's construction lien and the judgment awarding the Dickinson Elks attorney's fees do not resolve Snider's claim for money damages. Thus, the judgments are not appealable without N.D.R.Civ.P. 54(b) certification. The district court did not grant certification under Rule 54(b), and the record does not indicate this is the "infrequent harsh case involving unusual circumstances" appropriate for Rule 54(b) certification. *See Hollingsworth,* 2012 ND 16, ¶ 12, 809 N.W.2d 328; N.D.R.Civ.P. 54, Explanatory Note. We conclude the judgments in this case are not final, appealable judgments, and we do not have jurisdiction to hear the Dickinson Elks' appeal.

### III

[¶ 13] We dismiss the appeal.

[¶ 14] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.