FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JUNE 3, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 95

Tesoro Great Plains Gathering & Marketing, LLC

f/k/a Great Northern Gathering & Marketing, LLC,      Plaintiff and Appellant

  v.

Mountain Peak Builders,
LLC,

Defendant and Appellee

## No. 20200260

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

REVERSED.

Opinion of the Court by Crothers, Justice.

Shawn M. Raiter (argued) and John A. Markert (appeared), St. Paul, MN, for plaintiff and appellant.

Nathan R. Sellers (argued) and Matthew T. Collins and Kyle E. Hart (appeared), Minneapolis, MN, for defendant and appellee.

**Crothers, Justice.**

[¶1]   Tesoro Great Plains Gathering & Marketing, LLC, formerly known as Great Northern Gathering & Marketing, LLC ("Great Northern"), appeals from an amended judgment entered after the district court ordered a pipeline lien held by Mountain Peak Builders, LLC foreclosed and awarded Mountain Peak attorney fees and costs.  Because the lien was extinguished, the district court erred as a matter of law by ordering the lien foreclosed and by awarding Mountain Peak attorney fees and costs.  The amended judgment is reversed.

I

[¶2]   Great Northern contracted Mountain Peak to build a 30-mile oil pipeline and gathering system.  Mountain Peak recorded an oil pipeline lien under N.D.C.C. ch. 35-24.  Disputes arose during construction, and Great Northern sued Mountain Peak seeking a declaration that no lien existed and alleging damages for breach of contract.  Mountain Peak brought various counterclaims, including claims for breach of contract and foreclosure of the pipeline lien.

[¶3]   Seven days before the scheduled trial date, the parties agreed to arbitrate the breach of contract claims.  Under the arbitration agreement, the district court ordered all claims dismissed except Great Northern's request for declaratory judgment concerning the lien and Mountain Peak's claim to foreclose the lien.  The court ordered the case stayed pending the outcome of the arbitration.  The arbitration agreement provided:

> "The Lien Claim shall be the sole remaining claim in the Lawsuit. . . . In the event Mountain Peak obtains a confirmed award in its favor, the amount of such confirmed award shall be the amount of Mountain Peak's lien and Mountain Peak shall be entitled to seek interest, if any, and an award of fees and costs in connection with the Lien Claim as allowed under applicable law. The Parties reserve all arguments and defenses regarding the validity and

1

enforceability of the lien, and the availability and amount of interest, fees, and costs that can be awarded in connection with the Lien Claim under applicable law."

On May 14, 2019, the arbitrator awarded Mountain Peak $11.56 million at 6% interest. On January 2, 2020, a Minnesota district court confirmed the award and entered judgment in the amount of $15,022,299.18.

[¶4] On January 8, 2020, Mountain Peak filed a motion for summary judgment in North Dakota on its pipeline lien foreclosure claim. On February 14, 2020, Great Northern paid the Minnesota judgment in full, and Mountain Peak filed a satisfaction of judgment. On March 31, 2020, the North Dakota district court granted Mountain Peak's summary judgment motion and entered judgment ordering the pipeline lien foreclosed and dismissing Great Northern's declaratory judgment claim. On August 10, 2020, the court entered an amended judgment awarding Mountain Peak $1,213,355.90 in attorney fees and $165,696.90 in costs and disbursements.

II

[¶5] Great Northern argues the district court erred when it granted summary judgment ordering the pipeline lien foreclosed because it paid the full amount of the obligation the lien secured prior to the foreclosure order.

[¶6] Our standard of review for a summary judgment ruling is well established:

> "Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether

2

the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record."

*Three Aces Props. LLC v. United Rentals (N. Am.), Inc.*, 2020 ND 258, ¶ 8, 952 N.W.2d 64 (quoting *Feltman v. Gaustad*, 2020 ND 89, ¶ 7, 942 N.W.2d 844).

[¶7]   Great Northern argues the district court erred when it held "the lien isn't extinguished until the lien foreclosure is ruled on by the trial court." We agree. "A lien is a charge imposed upon specific property by which it is made security for the performance of an act." N.D.C.C. § 35-01-02. "A lien is accessory to the act for the performance of which it is a security . . . and is extinguishable in like manner with any other accessory obligation." N.D.C.C. § 35-01-19. A lien does not entitle its holder to "the performance of any other obligation than that which the lien originally secured." N.D.C.C. § 35-01-12. Thus, if the obligation the lien secured is satisfied, the lien is extinguished and no longer valid. *See Morris v. Twichell*, 249 N.W. 905, 909 (N.D. 1933) ("full performance of an obligation by the party whose duty it is to perform it . . . extinguishes it"); *Jordan v. Elizabethan Manor*, 593 P.2d 1049, 1054 (Mont. 1979) ("Payment of the debt upon which a lien is based extinguishes the lien . . . .").

[¶8]   In this case, the parties' arbitration agreement stated that if Mountain Peak "obtains a confirmed award in its favor, the amount of such confirmed award shall be the amount of Mountain Peak's lien . . . ." Mountain Peak did obtain an arbitration award, the award was confirmed by a Minnesota court, Great Northern paid the confirmed amount, and Mountain Peak filed a satisfaction of judgment. When Mountain Peak accepted Great Northern's tendered payment, the lien was extinguished. The district court erred as a matter of law when it ordered the extinguished lien foreclosed because the lien was no longer valid. The district court's judgment also does not comply with N.D.C.C. § 35-24-18, which provides the exclusive remedy of a sale when a pipeline foreclosure judgment is entered. No order for sale exists in this case, nor could one have been issued because the obligation the lien secured was satisfied by the time the court entered the foreclosure judgment.

3

[¶9]   The district court erred as a matter of law when it ordered the lien foreclosed, and we reverse its order granting summary judgment.

III

[¶10] Mountain Peak argues that even if the district court erred when it foreclosed the lien, lien foreclosure is not a prerequisite to an award of attorney fees and costs.  Mountain Peak claims it is entitled to an award of fees and costs because it prevailed when the parties arbitrated their breach of contract claims.

[¶11] "The American Rule, long recognized by this Court, states that absent statutory or contractual authority, parties to a lawsuit bear their own attorney's fees."  *Twete v. Mullin*, 2020 ND 264, ¶ 4, 952 N.W.2d 91.  Mountain Peak claims it is entitled to attorney fees and costs under N.D.C.C. § 35-24-19, which states:

> "In any action brought to enforce a lien prescribed by this chapter, the party for whom judgment is rendered is entitled to recover a reasonable attorney's fee, to be fixed by the court, which must be taxed as costs in the action. No costs may be taxed against the owner when the owner has paid into court, at least ten days before trial, the maximum amount of the owner's liability as limited under section 35-24-07."

[¶12] Interpretation of a statute presents a question of law that is fully reviewable on appeal.  *Lund v. Swanson*, 2021 ND 38, ¶ 13, 956 N.W.2d 354.  "Our primary goal in statutory construction is to ascertain the intent of the legislature, and we first look to the plain language of the statute and give each word of the statute its ordinary meaning."  *Riemers v. Jaeger*, 2018 ND 192, ¶ 11, 916 N.W.2d 113 (quoting *State v. Meador*, 2010 ND 139, ¶ 11, 785 N.W.2d 886).  When the language of a statute is clear and unambiguous, we will not disregard its meaning under the pretext of pursuing its spirit.  *Kaspari v. Kaspari*, 2021 ND 63, ¶ 4, 958 N.W.2d 139.

[¶13] A favorable judgment is a prerequisite to an award of attorney fees and costs under N.D.C.C. § 35-24-19.  The statute specifically states the party "for

whom judgment is rendered" is entitled to an award under its provisions. As is explained in Part II, the district court entered the judgment in favor of Mountain Peak in error. The judgment therefore cannot support an award under N.D.C.C. § 35-24-19 in this case.

[¶14] Nor can the judgment Mountain Peak obtained in the Minnesota case support an award of fees and costs. Section 35-24-19, N.D.C.C., requires the judgment be entered in an "action brought to enforce a lien prescribed by [ch. 35-24]." The Minnesota action confirmed the arbitrator's decision on the parties' competing breach of contract claims. Claims for enforcement of a lien are separate and distinct from an underlying breach of contract claim. *See SWMO LLC v. Eagle Rigid Spans Inc.*, 2019 ND 207, ¶ 14, 932 N.W.2d 120 (appellees "could have pursued a breach of contract action . . . they also had the option to enforce their construction liens"); *Snider v. Dickinson Elks Bldg., LLC*, 2016 ND 162, ¶ 12, 883 N.W.2d 475 (judgment forfeiting lien claim did not resolve separate claim for money damages based on contract claim). Even if Mountain Peak prevailed on its contract claim, no valid judgment was entered in its favor in an action brought to enforce a pipeline lien under N.D.C.C. ch. 35-24.

[¶15] The requirements of N.D.C.C. § 35-24-19 have not been met; therefore Mountain Peak is not entitled to an award of attorney fees and costs under that provision.

IV

[¶16] The amended judgment is reversed.

[¶17] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte